NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT
See par. 17

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA A. IGLESIAS and ABBY HOPE CANALES, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-05396-PSG-AFM |
| Plaintiffs, | **[DISCOVERY MATTER]** |
| vs. | ~~**[PROPOSED]**~~ **ORDER RE: STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS** |
| TOUCHPOINT 360, LLC, a foreign limited liability company; and E.A. LANGENFELD ASSOCS., LTD., a foreign corporation, | *[Concurrently filed with Stipulated Protective Order.]* |
| Defendants. | Complaint Filed:   June 20, 2019<br>Trial Date:           July 13, 2021 |

Based upon the Stipulated Protective Order Regarding Confidentiality of Discovery Information and Documents submitted by plaintiffs Maria A. Iglesias and Abby Hope Canales (together, "Plaintiffs") and defendants Touchpoint 360, LLC and E.A. Langenfeld Associates, Ltd. (together, "Defendants") (collectively, the "Parties"), and for good cause shown:

The Court hereby ORDERS that:

## RECITALS

A.      Defendants have in their possession, custody, and/or control certain information and/or documents that are private, proprietary, and/or confidential. Defendants consider this information and these documents to be "Confidential Information" or "Highly Confidential Information," as those terms are defined below.

B.      Defendants desire to protect the Confidential Information and Highly Confidential Information, and to ensure that said information shall only be produced, used, and submitted in connection with the litigation of this action, subject to this Stipulated Protective Order.

C.      No part of this Stipulated Protective Order shall apply to or have any effect or limitation on the Court or the Court's officers or personnel.

## STIPULATION

The Parties stipulate and ask that the Court order as follows:

1.      Definitions.

a.      "Confidential Information" means any (1) non-public, private, or privileged personnel or personal information; and/or (2) trade secrets or other non-public proprietary, confidential, strategic, privileged, financial, business, or commercial information, data, or research.  All Confidential Information produced pursuant to this Stipulated Protective Order shall be used solely for the purposes of this litigation, or for purposes of enforcing an order, judgment, and/or award made in this litigation, as permitted by this Stipulated Protective

Order.

b.    "Highly Confidential Information" means any "Confidential Information," as that term is defined above, that is extremely sensitive, the disclosure of which, to the Parties or to a nonparty, would create a substantial risk of serious injury that cannot be avoided by less restrictive means.  The Parties agree that Highly Confidential Information shall be for "Attorney Eyes Only" and, accordingly, disclosed to and reviewed only by the Parties' attorneys of record herein who have appeared on their behalf as of the date of this Stipulation.  Plaintiffs may announce additional attorneys of record on their behalf by providing Defendants with notice of the same, and Defendants may make like announcements with notice to Plaintiffs.  All Highly Confidential Information produced pursuant to this Stipulated Protective Order shall be used solely for the purposes of this litigation, or for purposes of enforcing an order, judgment, and/or award made in this litigation, as permitted by this Stipulated Protective Order.

c.    "Document" and "Documents" mean all written, recorded, or graphic material, in hard copy or electronic format, including, but not limited to, emails and other electronic transmissions, and further including, without limitation, deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information or Highly Confidential Information.  The term "Documents" further includes all original documents and copies or derivatives of those Documents.

d.    "Producing Party" means a party that produces Confidential Information or Highly Confidential Information in this litigation pursuant to this Stipulated Protective Order.

e.    "Recipient" or "Receiving Party" means a named party in this litigation (including that named party's counsel of record or said counsel's

agents) who receives Confidential Information or Highly Confidential Information in this litigation pursuant to this Stipulated Protective Order.

     f.   "Qualified Persons" means:

       i.   The named parties to this action, as further limited by Paragraph 4 below;

      ii.   The Parties' respective counsel of record in this action and said counsel's employees;

    iii.   In-house counsel or any such persons who are responsible for the handling of legal matters on Defendants' behalf, including said person's employees;

    iv.   Vendors or contractors who have been or are retained by the Parties' counsel of record or by in-house counsel and, further, who have been or are actively engaged in the conduct of this litigation, as further limited by Paragraph 4 below;

     v.   Experts, investigators, or litigation consultants engaged by the Parties' counsel of record or by in-house counsel to assist in this litigation, as further limited by Paragraph 4 below; and

    vi.   Fact witnesses providing testimony by deposition or at any trial proceeding in this case, as further limited by Paragraph 4 below.

    2.   <u>Designation of Confidential Information or Highly Confidential Information.</u>  To designate Documents as Confidential Information or Highly Confidential Information, the Producing Party shall place a legend or stamp on the Document in such a way that it brings either designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the Document contains Confidential Information or Highly Confidential Information, *e.g.*, by stamping the Document "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only," or words to either effect.  To designate Confidential Information or Highly Confidential Information in testimony (or in exhibits referred

to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up to and until twenty (20) days after receipt of the transcript, and, upon such notice, (c) make arrangements with the reporter to bind the confidential portions of the transcript separately and to label that bound material accordingly.  Further, during depositions or arbitral proceedings, any Producing Party claiming confidentiality with respect to information that is to be disclosed or upon which questions are based may exclude from the room any party or person who is not a Qualified Person.

3.    <u>Permissible Uses of Confidential Information and Highly Confidential Information.</u>  All Confidential Information obtained by a Recipient in discovery (whether formal or informal) in this litigation, and all Highly Confidential Information disclosed to a Recipient's attorneys, shall be used by the Recipient or the Recipient's attorneys solely for the prosecution or defense of the claims in this litigation, and shall not be used by the Recipient or the Recipient's attorneys in any other legal action, or for any business, commercial, financial, competitive, personal, personnel, publicity, media, or other purpose, except that nothing herein shall preclude Defendants (or their affiliates) from pursuing legal action relating to misconduct of its employees or vendors that are necessary to ensure that its employees, vendors, or policies are acting or being applied in accordance with the law.  No Recipient or other person to whom Confidential Information or Highly Confidential Information is disclosed, and no attorney for a Recipient to whom Highly Confidential Information is disclosed, shall copy, transcribe, or otherwise reproduce or distill in written or any other form any part or portion of any Confidential Information or Highly Confidential Information except as necessary for purposes of the litigation.

4.    <u>Permissible Disclosure of Confidential Information or Highly Confidential Information.</u>  The Recipient of Confidential Information or the Recipient's attorneys who have received Highly Confidential Information shall

disclose that information only to Qualified Persons, and, with respect to certain of these Qualified Persons, only under these conditions:

a.   Any Recipient of Confidential Information or any attorney for a Recipient who has received Highly Confidential Information shall not reveal that information to, nor discuss that information with, any person who is not entitled to receive that information, except as set forth in this Stipulated Protective Order.  Provided, however, that nothing in this Order shall be construed as prohibiting an attorney for a Party from advising that Party based on the Confidential Information or Highly Confidential Information, as long as the attorney does not, in providing such advice disclose the specific contents of the Confidential Information or Highly Confidential Information to a Party who is not a Qualified Person.

b.   Prior to disclosure of Confidential Information to persons described in Paragraphs 1(f)(i) or 1(f)(iv)-(vi) of this Stipulated Protective Order, the Recipient shall advise that person that, pursuant to this Stipulated Protective Order, he or she may not divulge that information to other individuals.

c.   Any person who receives Confidential Information pursuant to Paragraphs 1(f)(i) or 1(f)(iv)-(vi) of this Stipulated Protective Order shall read this Stipulated Protective Order and undertake in writing to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person, and not to use Confidential Information except in connection with the instant action.  Such persons shall indicate their agreement to be bound by the terms of this Stipulated Protective Order by signing and dating an acknowledgment substantially in the form attached as **Exhibit "1"** (the "Disclosure Agreement").  Before reviewing Documents that a Producing Party has

designated as Confidential Information, Plaintiffs and all other Qualified Persons who receive Confidential Information pursuant to Paragraphs 1(f)(i) or 1(f)(iv)-(vi) of this Stipulated Protective Order shall sign a Disclosure Agreement. Each original executed Disclosure Agreement shall be maintained in the files of the Recipient and shall be available for review by all counsel and Parties upon reasonable notice.

      d.    Highly Confidential Information may be disclosed only to the Qualified Persons identified in Paragraphs 1(f)(ii)-(iii) of this Stipulated Protective Order. Accordingly, if persons to whom Highly Confidential Information may not be disclosed are present during times in which that Highly Confidential Information is being disclosed, said persons must be asked to leave the location where that Highly Confidential Information is being or will be disclosed.

      e.    Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the Producing Party of Confidential Information or Highly Confidential Information consents in writing to that disclosure prior to the disclosure of that information.

      5.    <u>Challenging Confidential Information or Highly Confidential Information Designations.</u> In the event the Recipient disputes or the Recipient's attorneys dispute the Producing Party's designation of individual documents or a category of documents or information as Confidential Information or Highly Confidential Information, the Recipient shall notify the Producing Party in writing of such dispute. In an effort to settle such dispute without judicial intervention, the Parties shall meet and confer to determine whether the restrictions imposed by this Stipulated Protective Order are warranted with respect to such disputed information, but if resolution of the dispute cannot be reached, the Recipient may apply to the Court for an appropriate determination. The materials at issue must be treated as Confidential Information or Highly Confidential Information, as applicable, as

designated by the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

6.   <u>Inadvertent or Improper Disclosure.</u>

a.      A Producing Party's inadvertent failure to designate Confidential Information or Highly Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient or Recipient's attorneys promptly upon discovery of the failure to designate.

b.      If a Recipient discloses Confidential Information or a Recipient's attorneys disclose Highly Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient, the Recipient's attorneys, or by the person to whom the Recipient or Recipient's attorneys disclosed such information.

7.   <u>Return or Destruction of Confidential Information or Highly Confidential Information.</u>  Within thirty (30) business days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information and shall cause his attorneys to return all Highly Confidential Information, all copies of such information, and any Documents incorporating such information.  Alternatively, at the request of the Producing Party, the Recipient and his attorneys shall destroy all such materials and certify in writing to the Producing Party that all such materials have been destroyed.

8.   <u>Litigation or Arbitral Proceedings Involving or Requiring Confidential Information or Highly Confidential Information.</u>  This Stipulated Protective Order does not govern use of Confidential Information or Highly Confidential Information at trial.  The use of Confidential Information or Highly Confidential Information at

1    trial shall be governed by orders of the trial judge.

2        9.    <u>Exceptions.</u>  The restrictions set forth in this Stipulated Protective Order

3    shall not apply to:

4            a.    Information that was, is, or becomes public knowledge through

5        its authorized release by a person or entity who rightfully obtained and

6        possesses such information during the normal course of business, and not in

7        violation of this Stipulated Protective Order; and/or

8            b.    Defendants (or their affiliates), with respect to their own

9        information or information received or created during the normal course of

10       their own businesses.

11       10.    <u>Discoverability and Admissibility of Documents.</u>  Nothing in this

12   Stipulated Protective Order shall be construed to affect either the discoverability or

13   admissibility of any information, document, recording, or thing, nor shall any named

14   party's entry into this Stipulated Protective Order be deemed to waive either that

15   party's right to object to the disclosure or production of information, documents,

16   recordings, or things on appropriate grounds, or to move to compel the production of

17   information, documents, recordings, or things allegedly wrongfully withheld from

18   production.

19       11.    <u>No waiver.</u>  Nothing in this Stipulated Protective Order shall be deemed

20   to be a limit or waiver of the attorney-client privilege, the attorney work product

21   protection, or any other relevant privilege.  Further, inadvertent production of

22   privileged information shall not waive the privilege.  If privileged information is

23   inadvertently produced, the Recipient agrees that, upon request from the Producing

24   Party, it shall promptly return all copies of Documents containing the privileged

25   information, delete any versions of the Documents containing the privileged

26   information on any database or computer filing system it maintains, and make no use

27   of the privileged information.

28       12.    <u>Remedies for Violation.</u>  The Parties agree that the failure of any

Receiving Party or other Party to maintain the confidentiality of any Confidential Information or Highly Confidential Information pursuant to the term of this Stipulated Protective Order—including, but not limited to, by filing in the public record any Confidential Information or Highly Confidential Information without a sealing order—has the potential to cause irreparable injury to the Producing Party, the Designating Party, and/or other third parties whose information is improperly filed in the public record. The Parties further agree that such injured Parties and/or third parties do not have an adequate remedy at law for such violations, and that injunctive relief is an appropriate remedy. Therefore, in the event such a violation occurs, or is threatened, the Parties agree that any such injured Parties and/or third parties may immediately apply to the Court to obtain injunctive relief, and further agree that any Party objecting to such relief shall not employ as a defense thereto the claimed existence of an adequate remedy at law. In addition to injunctive relief, as specified herein, the Parties also agree that the Court may impose monetary sanctions, issue and/or evidentiary sanctions, and/or any other relief deemed appropriate under the circumstances for a violation of this Stipulated Protective Order.

All Parties and other persons subject to the terms of this Stipulated Protective Order agree that the Court shall retain jurisdiction for the purposes of enforcing this Stipulated Protective Order – including, but not limited to, for the purpose of evaluating any application for injunctive relief and/or other relief pursuant to this Paragraph 12.

13.     Protected Material Subpoenaed or Ordered Produced in Other Litigation. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information or Highly Confidential Information, that Party must:

a.      Promptly notify in writing the Party that made the designation on

the materials (the "Designating Party").  Such notification shall include a copy of the subpoena or court order;

b.     Promptly notify in writing the individual or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

c.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information or Highly Confidential Information may be affected.

If the Designating Party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information or Highly Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's advance written permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its protected material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14.    <u>Filings Under Seal.</u>  The Parties shall make every effort to limit the number and volume of under seal filings.  In most circumstances, the Parties should seek to file under seal only the specific portions of exhibits or documents for which there is a valid basis for filing under seal.  Requests to file memoranda of points and authorities under seal are disfavored.  Pursuant to Local Rule 79-5.2.2, except in sealed civil cases, "no document may be filed under seal without prior approval by the Court."  When seeking the Court's approval for an under seal filing, the submitting Party shall comply with the procedures established in Local Rule 79-5.2.2(a).  Because documents filed under seal are only visible on CM/ECF or Pacer

to Court personnel and the Party that filed the document, a Party electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in Local Rule 5-3.2.1.  Therefore, documents filed electronically under seal must be served in accordance with Federal Rule of Civil Procedure 5.  Additionally, at the time of filing, the documents filed electronically under seal must be accompanied either by a Proof of Service in the form required by Local Rule 5-3.1.2 or a declaration explaining why service is not required.

15.     <u>Not a Contract.</u>  This Stipulated Protective Order shall not be construed, argued, or interpreted as creating a contract between the Parties or between their counsel or between the Parties and their counsel.

16.     <u>Duration of Confidentiality Obligations.</u>  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise, in writing, or a court order otherwise directs.

17.     <u>Jurisdiction.</u>  ~~At the election of any Party who claims a violation of this Stipulated Protective Order, t~~The United States District Court for the Central District of California shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and/or amend the provisions of this Stipulated Protective Order.  The Parties consent to jurisdiction in said Court to resolve any disputes or requested relief arising under this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated:   9/22/2020

_____
The Honorable Alexander F. MacKinnon
United States Magistrate Judge

11                    Case No. 2:19-cv-05396-PSG-AFM

[PROPOSED] ORDER RE: STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS

## EXHIBIT 1

### DECLARATION OF "QUALIFIED PERSON"

I, _____, declare that I have read the Stipulated Protective Order entered in the action entitled *Maria A. Iglesias, et al. v. Touchpoint 360, LLC, et al.*, United States District Court for the Central District of California, Case No. 2:19-cv-05396-PSG-AFM, and agree to be bound by its terms, to maintain that information designated as Confidential Information in confidence, not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person, and not to use Confidential Information except in connection with the litigation or preparation for litigation of this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party that designated the document as containing Confidential Information consents in writing prior to disclosure.  I further agree to submit to the jurisdiction of the United States and venue in the Central District of California for any actions necessary or required to enforce this Stipulated Protective Order as it pertains to me and my agreement herein.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration is executed on _____.


Signature of Declarant:     _____

Print name:                _____

Affiliation:               _____

Business Address:          _____

Home Address:              _____

[PROPOSED] ORDER RE: STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY INFORMATION AND DOCUMENTS